1

2

3

4

5

6

7

8                                    **UNITED STATES DISTRICT COURT**

9                                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   IVAN VON STAICH,                              )   Case No.: 1:21-cv-00088-JLT (HC)
                                                   )
12              Petitioner,                        )   ORDER DISMISSING PETITION WITH LEAVE
                                                   )   TO FILE A FIRST AMENDED PETITION
13        v.                                       )
                                                   )
14   BOP PAROLE COMMISSION,                        )   [THIRTY-DAY DEADLINE]
                                                   )
15              Respondent.                        )
                                                   )
16   _____             )

17          Petitioner filed a Petition for Writ of Habeas Corpus on January 21, 2021.  (Doc. 1.)  A

18   preliminary screening of the petition reveals that the petition presents claims concerning the conditions

19   of his confinement and fails to present any cognizable grounds for relief or any facts in support.

20   Therefore, the Court will DISMISS the petition with leave to file an amended petition.

21   **I.      DISCUSSION**

22          A.      Preliminary Review of Petition

23          Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary

24   review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it

25   plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

26   the district court. . ."  Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  The Advisory

27   Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus,

28   either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an

                                                    1

1   answer to the petition has been filed.

2          B.      Civil Rights Claims

3          Petitioner does not challenge his conviction on certain claims, but rather, it appears that

4   Petitioner is making complaints concerning the conditions of confinement.  For instance, Petitioner

5   contends that he suffers from several medical conditions and is old and vulnerable to death at the

6   "unsafe" Fresno County Jail due to exposure to COVID-19.  (See Doc. 1 at 6-7, 10.)

7          A habeas corpus petition is the correct method for a prisoner to challenge the "legality or

8   duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v.

9   Rodriguez, 411 U.S. 475, 485 (1973)).  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is

10   the proper method for a prisoner to challenge the conditions of confinement.  McCarthy v. Bronson,

11   500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499.  Petitioner's civil rights claims are not

12   cognizable in a federal habeas action and must be dismissed.  Petitioner must seek relief for these

13   complaints by way of a civil rights action.

14          In Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016), the Ninth Circuit held that a district

15   court has the discretion to construe a habeas petition as a civil rights action under § 1983.   However,

16   recharacterization is appropriate only if it is "amenable to conversion on its face, meaning that it

17   names the correct defendants and seeks the correct relief," and only after the petitioner is warned of

18   the consequences of conversion and is provided an opportunity to withdraw or amend the petition.  Id.

19   Here, the Court does not find recharacterization to be appropriate.  Petitioner does not name the proper

20   defendants and the claims are not amenable to conversion on their face.  Accordingly, the Court

21   should not exercise its discretion to recharacterize the action. Therefore, the Court will recommend

22   that these claims be dismissed, and the Clerk of Court be directed to send Petitioner a blank civil rights

23   complaint.

24          C.      Failure to State a Cognizable Federal Claim

25          The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2241(c)(3)

26   provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in

27   violation of the Constitution or laws or treaties of the United States."  The Supreme Court has held

28   that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody

1   . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

2          In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases[1] requires that

3   the petition:

4          (1) Specify all the grounds for relief available to the petitioner;
       (2) State the facts supporting each ground;
5          (3) State the relief requested;
       (4) Be printed, typewritten, or legibly handwritten; and
6          (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for
           the petitioner under 28 U.S.C. § 2242.

7

8   Further, 28 U.S.C. § 2242 requires a petitioner to allege the facts concerning the petitioner's

9   commitment or detention.

10         Petitioner has failed to comply with the aforementioned statutes and rules.  He claims he was

11  denied due process on a federal parole violation related to a federal warrant that was issued in 1983.

12  (Doc. 1 at 4-5.)  However, Petitioner fails to provide details of the federal warrant at issue.  Petitioner

13  fails to specify the grounds for relief or the facts supporting his grounds.  Therefore, Petitioner fails to

14  state a cognizable federal habeas claim and the petition must be dismissed.

15         Petitioner will be granted an opportunity to file a First Amended Petition curing these

16  deficiencies.  Petitioner is advised to include only habeas claims in his amended petition.  Petitioner is

17  advised that he should caption his pleading, "First Amended Petition," and he should reference the

18  instant case number.  Failure to comply with this order will result in recommendation of dismissal of

19  the action.

20  **II.     ORDER**

21         Accordingly, the Court **ORDERS**:

22     1)  The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE for

23         failure to state a claim;

24     2)  Petitioner is GRANTED thirty days from the date of service of this order to file a First

25         Amended Petition; and

26

27

28  [1] The Rules Governing Section 2254 Cases in the United States Courts (Habeas Rules) are appropriately applied to
   proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).

3) The Clerk of Court is DIRECTED to provide Petitioner with a blank civil rights complaint form.

IT IS SO ORDERED.

Dated:     **February 3, 2021**                        **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE

4