1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   IVAN VON STAICH,                          )   Case No.: 1:21-cv-00088-JLT (HC)
                                                )
12              Petitioner,                     )   ORDER DIRECTING CLERK OF COURT TO
                                                )   ASSIGN DISTRICT JUDGE
13       v.                                     )
                                                )   FINDINGS AND RECOMMENDATION TO
14   BOP PAROLE COMMISSION,                      )   DISMISS PETITION
                                                )
15              Respondent.                     )   [THIRTY-DAY OBJECTION DEADLINE]
                                                )
16   _____   )

17          Petitioner filed a Petition for Writ of Habeas Corpus on January 21, 2021. (Doc. 1.) A

18   preliminary screening of the petition revealed that the petition presented claims concerning the

19   conditions of his confinement and failed to present any cognizable grounds for relief or any facts in

20   support. Accordingly, the Court dismissed the petition with leave to file an amended petition. (Doc. 5.)

21   On February 19, 2021, Petitioner filed a first amended petition. (Doc. 7.) The amended petition does

22   not cure the deficiencies. Accordingly, the Court will recommend it be DISMISSED.

23                                  **DISCUSSION**

24          A.      Preliminary Review of Petition

25          Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary

26   review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it

27   plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

28   the district court. . ."  Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  The Advisory

                                            1

1   Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus,

2   either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an

3   answer to the petition has been filed.

4          B.      Civil Rights Claims

5          Petitioner does not challenge his conviction on certain claims, but rather, it appears that

6   Petitioner is making complaints concerning the conditions of confinement.  For instance, Petitioner

7   contends that his life is in "great danger in jail" as a disabled elderly prisoner with underlying

8   conditions and he has not been protected from COVID-19 due to his COPD and bronchitis. (Doc. 7 at

9   6-7.)[1]

10         A habeas corpus petition is the correct method for a prisoner to challenge the "legality or

11  duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v.

12  Rodriguez, 411 U.S. 475, 485 (1973)).  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is

13  the proper method for a prisoner to challenge the conditions of confinement.  McCarthy v. Bronson,

14  500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499.  Petitioner's civil rights claims are not

15  cognizable in a federal habeas action and must be dismissed.  Petitioner must seek relief for these

16  complaints by way of a civil rights action.

17         In Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016), the Ninth Circuit held that a district

18  court has the discretion to construe a habeas petition as a civil rights action under § 1983.   However,

19  recharacterization is appropriate only if it is "amenable to conversion on its face, meaning that it

20  names the correct defendants and seeks the correct relief," and only after the petitioner is warned of

21  the consequences of conversion and is provided an opportunity to withdraw or amend the petition.  Id.

22  Here, the Court does not find recharacterization to be appropriate.  Petitioner does not name the proper

23  defendants and the claims are not amenable to conversion on their face.  Accordingly, the Court

24  should not exercise its discretion to recharacterize the action. Therefore, the Court will recommend

25  that these claims be dismissed.

26  ///

27

28

---

[1] Petitioner also requests judicial notice of other exhibits (see Doc. 6), but they are irrelevant.

1

C.      Failure to State a Cognizable Federal Claim

2

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2241(c)(3)

3

provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in

4

violation of the Constitution or laws or treaties of the United States."  The Supreme Court has held

5

that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody

6

. . ."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

7

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases[2] requires that

8

the petition:

9

(1) Specify all the grounds for relief available to the petitioner;
(2) State the facts supporting each ground;

10

(3) State the relief requested;
(4) Be printed, typewritten, or legibly handwritten; and

11

(5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

12

13

Furthermore, 28 U.S.C. § 2242 requires a petitioner to allege the facts concerning the petitioner's

14

commitment or detention.

15

Petitioner has failed to comply with the aforementioned statutes and rules.  He claims he was

16

denied due process on a federal parole violation related to a federal warrant that was issued in 1983.

17

(Doc. 7 at 1-4, 6-8.)  However, Petitioner fails to specify the grounds for relief or the facts supporting

18

his grounds.  Petitioner was given an opportunity to cure the deficiencies and state a claim but failed to

19

do so.  Therefore, Petitioner fails to state a cognizable federal habeas claim and the Court will

20

recommend that the petition be dismissed.

21

**ORDER**

22

The Court DIRECTS the Clerk of Court to assign a district judge to the case.

23

**RECOMMENDATION**

24

Accordingly, the Court RECOMMENDS that the habeas corpus petition be DISMISSED.

25

This Findings and Recommendation is submitted to the United States District Court Judge

26

assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the

27

28

---

[2] The Rules Governing Section 2254 Cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).

3

1   Local Rules of Practice for the United States District Court, Eastern District of California.  Within

2   thirty days after being served with a copy, the petitioner may file written objections with the Court.

3   Such a document should be captioned "Objections to Magistrate Judge's Findings and

4   Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

5   636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the

6   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

7

8   IT IS SO ORDERED.

9       Dated:    **March 12, 2021**                          **/s/ Jennifer L. Thurston**
10                                                             UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28